UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC

**FILED**
SEP 0 7 2007  9-7-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RICK ALEMAN; | )
| | )
| Plaintiff, | ) No.
| | )
| vs. | )
| | ) Judge
| VILLAGE OF HANOVER PARK; | ) Magistrate Judge
| Hanover Park Police Officers | )
| CAROL LUSSKY, Star 12; | )
| ERIC VILLANUEVA, Star 9; | ) Jury Demand
| TODD CARLSON, Star 126; | )
| JOHN DOSSY, Star 48; | )
| Illinois State Police Officers | ) 07CV5049
| JOSEPH MICCI, Star 3566; | ) JUDGE BUCKLO
| STEVE CARDONA, Star 3213; and | ) MAGISTRATE JUDGE DENLOW
| GERY FALLON, Star 4060; | )
| | )
| Defendants. | )

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Glendale Heights, Illinois.

5. Defendant Hanover Park police officers are duly appointed and sworn Hanover Park police officers. At all times relevant to this Complaint, the Defendant Hanover Park were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. Defendant Illinois State police officers are duly appointed and sworn Illinois State

-1-

police officers. At all times relevant to this Complaint, the Defendant Illinois State police officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The VILLAGE OF HANOVER PARK is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Hanover Park police officers.

## Facts

9. On or about September 9, 2005, Plaintiff had been running a daycare center out of his home located at 1434 Laurie Lane, Hanover Park, Illinois for about three months.

10. On or about September 7, 2005, a new child, Joshua, started at Plaintiff's daycare.

11. Joshua was supposed to start at the daycare on September 6, but Joshua's mother took Joshua to the doctor instead.

12. On September 7, Joshua was dropped off at Plaintiff's daycare center with medication he received from the doctor on September 6.

13. Joshua's mother told Plaintiff that Joshua had an ear infection.

14. Joshua was sluggish, did not want to eat, and slept most of the day on September 7.

15. On September 8, Joshua was dropped off at Plaintiff's daycare and Joshua's mother told Plaintiff that Joshua was no longer taking medication for his ear, but was taking other medication.

16. On September 8, Plaintiff discovered that Joshua had diarrhea. Plaintiff called Joshua's mother to inform her about Joshua's diarrhea. Joshua's mother told Plaintiff that she was going to pick-up Joshua at 1:30 and take him to a doctor.

17. Joshua was once again sluggish, did not want to eat, and slept for most of the day on September 8.

18. On September 9, Joshua's mother dropped off Joshua at Plaintiff's daycare with more medication.

19. Shortly after Joshua was dropped off, Plaintiff picked him up from a couch.

20. As soon as Plaintiff picked-up Joshua, he knew something was wrong. Joshua went limp and had difficulty breathing. Plaintiff attempted CPR.

21. At about 9:03 am, on September 9, Plaintiff called 9-1-1, and reported that Joshua was not conscious and having trouble breathing.

22. Plaintiff took Joshua outside and waited for the ambulance to arrive.

23. Paramedics arrived along with officer Sherrill from the Hanover Park Police Department.

24. Joshua was put in the ambulance and transported to a hospital.

25. After that, Defendants DOSSY and LUSSKY arrived at Plaintiff's daycare.

26. Defendant LUSSKY then spoke with Plaintiff and his wife, Amanda Aleman, and told Plaintiff that he had to go to the Hanover Park police station with her.

27. Plaintiff was seized, and not free to decide not to go to the police station.

28. Plaintiff and Amanda were put in the back of Defendant LUSSKY's police car and transported to the Hanover Park police station.

29. Plaintiff had not violated any city, state or federal law. Defendant LUSSKY and DOSSY did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant LUSSKY and DOSSY did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

30. At the Hanover Park police station, Plaintiff and Amanda were placed into an interrogation room.

31. Defendant LUSSKY immediately turned on the DVD recording device for the interrogation room.

32. At about 1:00 pm, Amanda was taken out of the interrogation room.

33. Plaintiff repeatedly stated that he wanted to go home, but Defendant-Officers would not allow him to leave.

34. At about 5:00 pm, Defendants MICCI and VILLANUEVA entered the interrogation room and asked Plaintiff if he would be willing to sign a waiver and talk to them.

35. Plaintiff asked to speak with his attorney.

36. Plaintiff spoke to his attorney.

37. After that, Plaintiff told Defendants MICCI and VILLANUEVA that his attorney told him not to talk.

38. After Plaintiff told Defendants MICCI and VILLANUEVA that he did not want to

talk to them, Defendants MICCI and VILLANUEVA continued to engage Plaintiff in conversation. They told Plaintiff that if he did not talk, he was not going anywhere.

39. Upon the coercion, suggestion, threats, and promises, Plaintiff made a statement to Defendants MICCI and VILLANUEVA.

40. Defendants CARLSON, MICCI, VILLANUEVA, CARDONA, FALLON, DOSSY and LUSSKY prepared incomplete official reports and gave a false and incomplete version of the events to the doctors treating Joshua.

41. On September 11, 2005, Defendant VILLANUEVA instituted an aggravated battery to a child charge against Plaintiff.

42. On September 13, 2005, Joshua died.

43. On September 15, 2005, Defendant CARLSON instituted a first degree murder charge against Plaintiff.

44. On November 13, 2006, the case against Plaintiff was dismissed.

45. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

46. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and special damages including attorneys' fees, monies posted for bond, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

47. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

48. After Plaintiff was told that he had to go to the police station and placed into the back of Defendant LUSSKY's police car, Plaintiff was not free to leave.

49. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

50. Defendant-Officers did not have a lawful basis to seize Plaintiff.

51. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

52. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

53. After Plaintiff requested to leave the police station and was informed that he could not leave, Plaintiff was under arrest and not free to leave.

54. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

55. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Interrogation)

56. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

57. The actions of Defendants MICCI and VILLANUEVA in threatening, coercing, and making Plaintiff promises after Plaintiff invoked his right to an attorney and right to remain silent violated his substantive due process right under the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

    b)     Award compensatory and punitive damages, as determined at trial;

    c)     Award attorneys' fees and costs;

    d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

58. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

59. Defendant VILLANUEVA instituted charges against Plaintiff for aggravated battery to a child.

60. There was not probable cause for such charges.

61. The case was dismissed and terminated in a manner indicative of Plaintiff's innocence.

62. The prosecution knew that it could not meet its burden of proof, and asked the court to dismiss the case.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)     Enter judgment against Defendant VILLANUEVA;

    b)     Award compensatory and punitive damages, as determined at trial;

    c)     Award costs;

    d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

63. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

64. Defendant CARLSON instituted charges against Plaintiff for first degree murder.

65. There was not probable cause for such charges.

66. The case was dismissed and terminated in a manner indicative of Plaintiff's innocence.

67. The prosecution knew that it could not meet its burden of proof, and asked the court to dismiss the case.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CARLSON;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Intentional Infliction of Emotional Distress)

68. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

69. Defendant-Officers' conduct was extreme and outrageous.

70. Defendant-Officers intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that their conduct would cause Plaintiff severe emotional distress.

71. Defendant-Officers' conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory damages as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595