UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICK ALEMAN,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF HANOVER PARK; Hanover Park Police Officers CAROL LUSSLY, Star 12; ERIC VILLANUEVA, Star 9; TODD CARLSON, Star 126; JOHN DOSSY, Star 48; Illinois State Police Officers JOSEPH MICCI, Star 3566; STEVE CARDONA, Star 3213; and GERY FALLON, Star 4060,<br><br>Defendants. | ) | No. 07 C 5049<br><br>Judge Bucklo<br><br>Magistrate Judge Denlow |

**DEFENDANT STEVEN CARDONA'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant STEVEN CARDONA, by his attorney, LISA MADIGAN, Attorney General of the State of Illinois, and hereby answers Plaintiff's First Amended Complaint as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law and statutes of the State of Illinois.

**ANSWER:** Defendant admits the allegations contained in the foregoing paragraph.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendant admits the allegations contained in the foregoing paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendant admits the allegations contained in the foregoing paragraph.

## Parties

4. Plaintiff is a resident of Glendale Heights, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 5. Defendant Hanover Park police officers are duly appointed and sworn Hanover Park police officers. At all times relevant to this Complaint, the police officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 6. Defendant Illinois State police officers are duly appointed and sworn Illinois State police officers. At all times relevant to this Complaint, the Defendant Illinois State police officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant admits the allegations in the foregoing paragraph.

7. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendant admits the allegations in the foregoing paragraph.

## Facts

> 8. At all relevant times, Plaintiff operated a child day-care facility at his home located at 1434 Laurie Lane, Hanover Park, Illinois.

**ANSWER:** Defendant admits that on or about September 9, 2005, Plaintiff was running a daycare center out of his home located at 1434 Laurie Lane, Hanover Park, Illinois. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

> 9. On Tuesday, September 6, 2005, a new child named Joshua Schrik was supposed to begin at Plaintiff's day-care facility.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 10. Joshua Schrik did not begin on Tuesday because Joshua Schrik was sick.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 11. On Tuesday, September 6, 2005, Joshua's mother, Danille Schrik, took Joshua to see Dr. Hassan, who diagnosed Joshua with a fever and ear infection and prescribed amoxocillin and motrin.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 12. On Wednesday, September 7, 2005, even though the baby was sick, Danille Schrik took Joshua to Plaintiff's day-care facility.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 13. On Thursday, September 8, 2005, Joshua was still sick. Nonetheless, Danille Schrik again took Joshua to Plaintiff's day-care facility where Joshua spent most of the day. After Joshua was picked up, Danille Schrik took Joshua back to see Dr. Hassan since he was so sick.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 14. On Friday, September 9, 2005, even though Joshua was still sick, Danille Schrik once again took Joshua to Plaintiff's day-care facility.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

15. Soon after Joshua was dropped off, Plaintiff observed that something seemed wrong with Joshua.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

16. Plaintiff tried to revive the baby and attempted CPR.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

17. At no time did Plaintiff attempt to harm or injure the baby in any way.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

18. After the baby did not respond, Plaintiff called 911.

**ANSWER:** Defendant admits that on September 9, Plaintiff called 9-1-1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

19. Soon thereafter medical personnel and police officers from the Hanover Park Police Department arrived at Plaintiff's home.

**ANSWER:** Defendant admits the allegations contained in the foregoing paragraph.

20. Defendant LUSSKY interviewed Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

21. Plaintiff explained to LUSSKY what happened to the baby, and answered all of LUSSKY's questions.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

22. Joshua was taken to St. Alexius Hospital.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

23. After Joshua was taken to the hospital, Defendant LUSSKY took Plaintiff to the Hanover Park police station.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

24. Defendant CARLSON was at the hospital soon after Joshua arrived.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

25. Related to this investigation, Defendant CARLSON interviewed several people at the hospital.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

26. CARDONA and CARLSON interviewed Danille Schrik.

**ANSWER:** Defendant admits that he and Officer Carlson interviewed Danille Schrik.

> 27. Defendant CARLSON interviewed Nancy Schrik, the mother of Danille Schrik. Nancy had regular contact with Joshua. Nancy told CARLSON that the baby had been extremely sick since Sunday, September 4, 2005, and Joshua seemed like he was "burning up."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 28. Defendant CARLSON interviewed Danille Schrik at the hospital. Danille Schrik explained that Joshua had been sick all week and had a fever of 103 degrees. Danille Schrik stated that Joshua had gone to bed very early the day before because he was so sick.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 29. FALLON and LUSSKY interviewed Carl Gutman, another parent whose child went to Plaintiff's day-care facility. Gutman explained that Joshua had looked sick every day that he was at Plaintiff's day-care facility that week including the day of the occurrence, Friday, September 9, 2005.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 30. Later, LUSSKY and VILLANEUVA went to Gutman's residence to interview him again. Gutman provided them the same information as he had given earlier.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

> 31. After Plaintiff arrived at the Hanover Park police station, he was put in an interview room and questioned by several Defendant-Officers, including LUSSKY, MICCI and VILLANEUVA.

**ANSWER:** Defendant admits that after Plaintiff arrived at the Hanover Park police station, he was put in an interview room and questioned by Master Sergeant Micci. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

32. During the interrogation, Plaintiff told Defendant-Officers that he wanted to speak to an attorney, and that he did not want to speak to the officers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

33. Defendant-Officers continued to question and interrogate Plaintiff after he stated he wanted to speak to an attorney.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

34. Plaintiff was told that he could not leave unless he talked.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

35. Plaintiff was under arrest and not free to leave.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

36. Defendant-Officers did not have an arrest warrant, probable cause, or any other lawful basis to arrest Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

37. After the illegal interrogation, Plaintiff was charged with aggravated battery to a child.

**ANSWER:** Defendant admits that Plaintiff was charged with aggravated battery to a child. Defendant denies the remaining allegations contained in the foregoing paragraph.

38. The case was docketed in the Cook County Circuit Court as: People v. Rick Aleman, 06 CR 2:3811.

**ANSWER:** Defendant admits that the criminal case against Plaintiff was docketed in the Circuit Court of Cook County. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

39. On September 15, when Plaintiff was free on bond on the aggravated battery charge, Plaintiff was arrested by Defendants FALLON and CARLSON for first degree murder of Joshua.

**ANSWER:** Defendant admits that Plaintiff was charged with first degree murder of Joshua. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

40. There was not probable cause for the arrest.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

41. On November 13, 2006, the case against Plaintiff was dismissed.

**ANSWER:** Defendant admits that the State's Attorney's Office entered a nolle prosequi in the criminal case against Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

42. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendant denies that he acted willfully, wantonly, maliciously, oppressively, with a conscious disregard, or with deliberate indifference to Plaintiff's rights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

> 43. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including attorneys' fees, monies posted for bond and lost earnings.

**ANSWER:** Defendant denies that as a direct and proximate result of his acts Plaintiff suffered or continues to suffer any damages including any loss of physical liberty, emotional distress, mental anguish and humiliation, or special damages such as attorney fees, monies posted for bond, or lost wages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

**COUNT I**
**(42 U.S.C. § 1983 - False Arrest/Imprisonment)**

> 44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

> 45. After Plaintiff was taken to the police station, he was placed in an interview room and not free to leave.

**ANSWER:** Defendant admits that after Plaintiff was taken to the police station, he was placed in an interview room. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

46. Defendant-Officers did not have an arrest warrant, probable cause, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

47. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

**COUNT II**
**(42 U.S.C. § 1983 - Failure to Intervene)**

48. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

49. When Plaintiff was falsely arrested, Defendant-Officers-had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

50. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from unreasonable seizures and false arrest.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

**COUNT III**
**(42 U.S.C. § 1983 - False Arrest/Imprisonment)**

51. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

52. On September 15, when Plaintiff was free on bond on the aggravated battery charge, Plaintiff was arrested by Defendants FALLON and CARLSON for first degree murder of Joshua.

**ANSWER:** Defendant admits that Plaintiff was charged with first degree murder of Joshua. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

53 There was not probable cause for the arrest.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

54. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

**COUNT IV**
**(42 U.S.C. § 1983 - Civil Conspiracy)**

55. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

56. Defendants LUSSKY, VILLANUEVA, CARLSON, DOSSEY, MICCI, CARDONA and/or FALLON, conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

57. Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the events to other persons to cover up their own misconduct.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

58. Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

59. Defendant-Officers LUSSKY, VILLANUEVA, CARLSON, DOSSEY, MICCI, CARDONA and/or FALLON were aware that Plaintiff was improperly arrested and interrogated, and that there was not probable cause to charge Plaintiff with aggravated battery and murder.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

60. Defendant-Officers LUSSKY, VILLANUEVA, CARLSON, DOSSEY, MICCI, CARDONA and/or FALLON knowingly and intentionally schemed and worked together in a common plan to falsely arrest Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

**COUNT V**
**(42 U.S.C. § 1983 - Illegal Interrogation)**

**ANSWER:** Defendant has no response to Count V as the allegations and requests for relief do not pertain to him.

**COUNT VI**
**(State Law Claim for Malicious Prosecution)**

**ANSWER:** Defendant has no response to Count VI as the allegations and requests for relief do not pertain to him.

**COUNT VII**
**(State Law Claim for Malicious Prosecution)**

**ANSWER:** Defendant has no response to Count VII as the allegations and requests for relief do not pertain to him.

**COUNT VIII**
**(State Law Claim for Civil Conspiracy)**

72. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

73. Defendant-Officers LUSSKY, VILLANUEVA, CARLSON, DOSSEY, MICCI, CARDONA and/or FALLON knowingly and intentionally schemed and worked together in a common plan to falsely arrest and bring false charges against Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

**COUNT IX**
**(State Law Claim for Intentional Infliction of Emotional Distress)**

74. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendant hereby incorporates as his answer to the foregoing paragraph his answers to paragraphs 1 through 43 as if set out in their entirety herein.

75. Defendant-Officers' conduct was extreme and outrageous.

**ANSWER:** Defendant denies that his conduct was extreme and outrageous. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

76. Defendant-Officers intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that their conduct would cause Plaintiff severe emotional distress.

**ANSWER:** Defendant denies that he intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that his conduct would cause Plaintiff severe emotional distress. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

77. Defendant-Officers' conduct caused Plaintiff severe emotional distress.

**ANSWER:** Defendant denies that his conduct caused Plaintiff severe emotional distress. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the foregoing paragraph.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that the Court grant Defendant any and all further relief it deems appropriate.

**DEFENDANT STEVEN CARDONA'S AFFIRMATIVE DEFENSES**

NOW COMES Defendant Steven Cardona, by and through his attorney, LISA MADIGAN, Attorney General of Illinois, and as affirmative defenses to Plaintiff's First Amended Complaint states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Qualified immunity bars Plaintiff's federal civil rights claims asserted against Defendant as Defendant's alleged actions did not violate any clearly established constitutional right and were objectively reasonable. *See* Harlow v. Fitzgerald, 457 U.S. 800 (1982).

**SECOND AFFIRMATIVE DEFENSE**

At all times relevant herein, Defendant's actions were taken in the exercise of his official discretion and pursuant to official governmental duties, and therefore Defendant is entitled to public officials' immunity from personal liability for any state-law claims asserted in Plaintiff's Complaint.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant herein, Defendant acted with probable cause and, therefore, Defendant is not personally liable for any claims asserted in Plaintiff's Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Statute of Limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Any award obtained by the Plaintiff must be reduced to the extent to which Plaintiff has failed to discharge his duty to mitigate damages commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

WHEREFORE, Defendant Steven Cardona respectfully requests that judgment be entered in his favor and against Plaintiff, and that the Court grant Defendant any and all further relief it deems appropriate.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

/s/ Peter C. Koch
PETER C. KOCH
ALICE E. KEANE
Assistant Attorneys General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-6534 & -3711

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, states that a copy of the attached Answer and Affirmative Defenses were served this 17th day of March 2008 by electronic filing pursuant to Rule XI of this Court's General Order on Electronic Case Filing.

/s/ Peter C. Koch
PETER C. KOCH
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6534
pkoch@atg.state.il.us