UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICK ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   07 C 5049 |
| | ) | |
| VILLAGE OF HANOVER PARK; et al. | ) | Judge Bucklo |
| | ) | |
| Defendants. | ) | Magistrate Judge Denlow |

**TLMS**

**FILED
JUNE 8, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**DEFENDANTS' JOINT SUBMISSION OF ADDITIONAL AUTHORITY
IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ON COUNT V AND IN FURTHER RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT V**

NOW COME the Defendants, VILLAGE OF HANOVER PARK, a municipal corporation, OFFICER TODD CARLSON, OFFICER ERIC VILLANUEVA and OFFICER CAROL LUSSKY, by and through their attorneys, Hartigan & O'Connor, P.C., and MASTER SERGEANT JOSEPH MICCI and MASTER SERGEANT GERARD FALLON, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and supplement their arguments in favor of their motions for summary judgment on Count V of Plaintiff's Amended Complaint [Docs. 111 & 127] and in further opposition to Plaintiff's motion for partial summary judgment on that same count [Doc. 123].

On June 1, 2010 the U.S. Supreme Court issued its opinion in <u>Berghuis v. Thompkins</u>, No. 08-1470, reversing a Sixth Circuit ruling that a Michigan court was unreasonable in finding an implied waiver of the criminal defendant's right to remain silent. In upholding the legality of the police interrogation, the Court noted:

1

> In the context of invoking the Miranda right to counsel, the Court in Davis v. United States, 512 U.S. 452, 459, 114 S. Ct. 2350, 129 L.Ed.2d 362 (1994), held that a suspect must do so "unambiguously." If an accused makes a statement concerning the right to counsel "that is ambiguous or equivocal" or makes no statement, the police are not required to end the interrogation, ibid., or ask questions to clarify whether the accused wants to invoke his or her Miranda rights, 512 U.S., at 461-462, 114 S. Ct. 2350.

__ S. Ct. __, 2010 WL 2160784, *8, No. 08-1470 (June 1, 2010). The Court

found that there was good reason to apply the same standard of unambiguous

invocation recognized with regard to right to counsel also to the right to remain

silent. In support of this determination, the Court further reasoned:

> There is good reason to require an accused who wants to invoke his or her right to remain silent to do so unambiguously. A requirement of an unambiguous invocation of Miranda rights results in an objective inquiry that "avoid[s] difficulties of proof and ... provide[s] guidance to officers" on how to proceed in the face of ambiguity. Davis, 512 U.S., at 458-459, 114 S. Ct. 2350. If an ambiguous act, omission, or statement could require police to end the interrogation, police would be required to make difficult decisions about an accused's unclear intent and face the consequence of suppression "if they guess wrong." Id., at 461, 114 S. Ct. 2350. Suppression of a voluntary confession in these circumstances would place a significant burden on society's interest in prosecuting criminal activity. See id., at 459-461, 114 S. Ct. 2350; Moran v. Burbine, 475 U.S. 412, 427, 106 S. Ct. 1135, 89 L.Ed.2d 410 (1986). Treating an ambiguous or equivocal act, omission, or statement as an invocation of Miranda rights "might add marginally to Miranda's goal of dispelling the compulsion inherent in custodial interrogation." Burbine, 475 U.S., at 425, 106 S. Ct. 1135. But "as Miranda holds, full comprehension of the rights to remain silent and request an attorney are sufficient to dispel whatever coercion is inherent in the

>> interrogation process." Id., at 427, 106 S. Ct. 1135;
>> see Davis, supra, at 460, 114 S. Ct. 2350.

Ibid.

In the instant case, it is undisputed that Plaintiff was read his Miranda rights and had an opportunity to speak with an attorney several times prior to agreeing to speak with police and signing a Miranda waiver form. *See* Plaintiff's Response to Illinois State Police Defendants' Statement of Material Facts [Doc. 149], ¶¶ 50-53; Plaintiffs' Response to the Hanover Park Defendants' Statement of Material Facts [Doc. 150], ¶¶ 22-25. Defendants submit that Sgt. Micci and Officer Villanueva fully complied with both the letter and spirit of Miranda. To the extent that the Court considers Plaintiff's requests to speak with an attorney and his telephone conversations with an attorney to create a factual dispute as to whether Plaintiff was by those statements and that conduct invoking his right to have counsel present, both the recent opinion in Berghuis and the Court's prior opinion in Davis v. United States, 512 U.S. 452 (1994), make clear that an ambiguous invocation of a right to counsel does not require police to cease an interrogation.

The implication of the Supreme Court's ruling is clear: First, any arguable ambiguity in Plaintiff's statements to Sgt. Micci and Officer Villanueva or in his conduct would not have required that they cease any substantive interrogation of Plaintiff. Second, any such arguable ambiguity in statement or conduct a fortiori would not have required that they cease speaking with him to clarify, as a preliminary matter, whether he would be willing to submit to an interview, especially where, as in Plaintiff's case, the substantive interrogation did not

commence until after Plaintiff had told Sgt. Micci and Officer Villanueva that he would speak with them and after he had signed a <u>Miranda</u> waiver form.

WHEREFORE, the Defendants respectfully request that the Court grant summary judgment to them on Count V of Plaintiff's Amended Complaint and deny Plaintiff's Motion for Partial Summary Judgment on that same count.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael R. Hartigan | LISA MADIGAN |
| HARTIGAN & O'CONNOR, P.C. | Attorney General of Illinois |
| Russell W. Hartigan | |
| Patrick H. O'Connor | /s/ Peter C. Koch |
| Michael R. Hartigan | PETER C. KOCH |
| 20 N. Clark Street #1250 | Assistant Attorney General |
| Chicago, IL 60602 | General Law Bureau |
| (312)201-8880 | 100 W. Randolph Street, 13th Floor |
| ARDC No. 06272355 | Chicago, Illinois 60601 |
| | (312) 814-6534 |
| | ARDC No. 99000 |