UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICK ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 5049 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | Magistrate Judge Denlow |
| VILLAGE OF HANOVER PARK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**TLMS**

**FILED**
**JUNE 14, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
SUBMISSION OF ADDITIONAL AUTHORITY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Rick Aleman, through counsel, Jackowiak Law Offices, respectfully submits the following response to Defendants' submission of additional authority in response to Plaintiff's motion for partial summary judgment:

Defendants contend that the recent Supreme Court decision in Berghuis v. Thompkins, — U.S. —, 08-1470 (2010), supports their position that Plaintiff is not entitled to judgment on unconstitutional interrogation claim. In Berghuis, the Supreme Court held that a detainee who wishes to remain silent must unambiguously verbalize his intention to invoke his rights.

Berghuis does not change the facts of the present case. Plaintiff made repeated requests for counsel that were clear and unambiguous:

> *Micci*: If you want to call your attorney first that's fine with me.
> *Plaintiff*: Yeah. It will just take a second.

(Plaintiff's Statement of Facts, ¶¶ 24, 25.)

It would be convenient for Defendants if there was any ambiguity in Plaintiff's numerous requests for counsel. However, the Defendants have already admitted under oath that they understood that Plaintiff had spoken to his lawyer and invoked his Fifth Amendment rights. (See, Plaintiff's Statement of Facts, ¶¶ 35 – 38.)

> *Micci*: How we doing?
> *Plaintiff*: Not good. I called him and he told me not to do this right now ...

      Micci testified that he understood this to mean "[Plaintiff's] lawyer, who he just spoke to up until this point, said not to talk with us." Villanueva testified that he understood this to mean that Plaintiff "was instructed not to talk" by his lawyer.

      Accordingly, Plaintiff respectfully requests that this Honorable Court enter summary judgment for Plaintiff on Count V.

                                              Respectfully submitted,

                                              /s/ Adele D. Nicholas
                                              *Counsel for the Plaintiff*

Adele D. Nicholas
Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595