Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5049 | **DATE** | 1/24/2011 |
| **CASE TITLE** | Rick Aleman vs. Village of Hanover Park, et al. | | |

**DOCKET ENTRY TEXT**

Defendants Joseph Micci and Gerard Fallon are entitled to $2,776.50 in costs. As explained below, plaintiff's motion to stay award of costs [195] is granted in part and denied in part. The award of costs will be enforceable once the appeal in this case concludes.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Defendants Joseph Micci and Gerard Fallon have submitted a bill of costs totaling $3,188,95. Federal Rule of Civil Procedure 54(d) allows a prevailing party to recover certain costs as a matter of course. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). As relevant here, those costs include fees of the court reporter for all or any part of stenographic transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920.

Defendants request reimbursement for the court reporting and copying costs associated with twenty-two deponents. Plaintiff makes only one objection: he argues that the deposition of Barry Spector was not "necessary" in this case because it was not used in support of defendants' motion for summary judgment or in opposition to plaintiff's partial motion for summary judgment. Plaintiff maintains that Spector, who was one of plaintiff's criminal defense attorneys, was not a witness to any of the events that gave rise to plaintiff's claims. According to plaintiff, Spector represented plaintiff months after the events in question. In addition, Spector was required to assert the attorney-client privilege in response to many of defense counsel's questions.

Despite being given an opportunity to respond to this objection, defendants have not done so. Given plaintiff's argument, and without any argument by defendants that Spector's deposition was necessary to this case, I conclude that Spector's deposition was not necessary. As a result, I will not award the $412.45 associated with Spector's deposition. Because there was no objection to awarding the costs associated with the remaining twenty-one depositions, and because the costs are within the maximum recoverable charge per transcript page (or copy), I will award those costs as reasonable and necessary.

Thus, subtracting the cost of Spector's deposition, I conclude that defendants are entitled to $2,776.50 in costs. On December 20, 2010, plaintiff filed a motion to stay the award of costs requesting that I rule on costs

| STATEMENT |
|---|
| when the appeal concludes or, in the alternative, that I stay the enforcement of the award of costs pending the outcome of the appeal. On January 3, 2011, I indicated that I would rule on the bill of costs, but would allow defendants an opportunity to file any objections to a stay of the enforcement of the award. Because defendants have filed no objection to plaintiff's stay request, I will stay the enforcement of the award of costs until after the appeal concludes. Plaintiff's motion to stay [195] is therefore granted in part and denied in part. |